So Ordered.

Signed this 22 day of October, 2025.



_____

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re:

RICHARD T. LOFSTAD, JR.,

                                      Chapter 13
                                      Case No. 25-10199-1-pgr

                        Debtor.
_____

LEWIS A. HOTALING,                             Adv. No. 25-90015-1-pgr

                        Plaintiff,

    v.

RICHARD T. LOFSTAD, JR.,

                        Defendant.
_____

APPEARANCES:

Zimring Law, PLLC                         Jeffrey L. Zimring, Esq.
*Attorney for Plaintiff*
120 Broadway
Suite 250
Menands, NY 12204

| | |
|---|---|
| Fairbanks Fletcher Law PLLC<br>*Attorney for Debtor-Defendant*<br>178 Elm St., Ste. 4<br>Saratoga Springs, NY 12866 | Elizabeth Fairbanks-Fletcher, Esq |
| Andrea E. Celli-Trustee<br>*Chapter 13 Standing Trustee*<br>7 Southwoods Boulevard<br>Albany, NY 12211 | Bonnie Baker, Esq. |

# DECISION AND ORDER GRANTING
# DEFENDANT'S MOTION TO DISMISS

1. Richard T. Lofstad, Jr. ("Debtor") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on February 27, 2025. (Doc. 1, ¶ 11).

2. Prior to filing, Lewis A. Hotaling ("Plaintiff") obtained a judgment against the Debtor and Lofstad Fish Company in the amount of $26,315.90 from Stockport Town Court. (*Id.* ¶¶ 3-4).

3. A transcript of judgment was docketed in the office of the Columbia County Clerk on December 27, 2023. (*Id.* ¶ 5).

4. At Plaintiff's request, the Columbia County Clerk prepared a transcript of the judgment, which was filed with the Saratoga County Clerk on October 7, 2024. (*Id.* ¶¶ 7-8). Due to an apparent clerical error, the transcript of judgment filed in Saratoga County does not contain Debtor's name. (*Id.* ¶ 9).

5. While a corrected transcript of judgment was issued on May 30, 2025, that transcript has not been docketed and cannot be docketed due to the Debtor's bankruptcy filing. (*Id.* ¶¶ 12-13).

2

6. On July 29, 2025, Plaintiff filed this adversary proceeding asking this Court to 1) allow him to docket the corrected transcript with the Saratoga County Clerk *nunc pro tunc* to the date the original transcript was filed; 2) declare that Plaintiff has a valid judgment lien against Debtor's real property located in Saratoga County; and 3) permit Plaintiff to assert a secured debt against Debtor based upon the judgment. (*Id.* at 3).

7. On August 28, 2025, Debtor moved to dismiss this adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. (Doc. 5). In support of his motion, Debtor provided a copy of the transcript of judgment filed with the Saratoga County Clerk. (*Id.*, ex A.) The transcript of identifies "Lofstad Fish Company" as the judgment defendant. (*Id.*) Debtor argues that the omission of his name is a fatal procedural defect that cannot be remedied. (*Id.* at 3).

8. Plaintiff opposed the motion (Doc. 8), and this Court heard oral argument on the motion at a hearing held on October 9, 2025, with appearances as indicated above. The Court reserved decision at that hearing.

9. For the following reasons, Debtor's motion to dismiss is granted.

## **Motion to Dismiss pursuant to Rule 12(b)(6)**

10. Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") is made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012(b).

11. Under Rule 12(b)(6), a defendant may move to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted."

3

12. "When considering such a motion, a court must construe plaintiff's complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff's favor." *Archa v. New York*, No. 9:24-CV-677 (FJS/ML), 2025 WL 2371018, at *3 (N.D.N.Y. Aug. 14, 2025) (cleaned up).

13. "On a Rule 12(b)(6) motion to dismiss, courts may consider facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Meghji v. Castel* (*In re Celsius Network LLC*), 669 B.R. 108, 117 (Bankr. S.D.N.Y. 2025) (cleaned up).

14. Courts may take judicial notice of "matters of public record, including filings in related lawsuits" and "may consider documents that, although not expressly referenced in the complaint, are nevertheless integral to the complaint." *Id.* (cleaned up).

## Validity of the Lien under New York State Law

15. Under New York law, a judgment cannot be enforced until the clerk "enters" the judgment by filing it. *Musso v. Ostashko*, 468 F.3d 99, 106 (2d Cir. 2006).

16. "With respect to real property, a judgment does not give rise to a lien prior to entry, or 'docketing,' of the judgment with the county clerk in the county where the real property is located." *Id.* Until a judgment is docketed in the county where the real property is located, the judgment holder has no legal rights in the real estate of the debtor within that county. *Id.*; N.Y. C.P.L.R. § 5018(a)

4

("A judgment docketed by transcript under this subdivision shall have the same effect as a docketed judgment entered in the supreme court within the county where it is docketed"); *see also In re Luftman*, 245 F. Supp. 723, 724 (S.D.N.Y. 1965) ("Under New York law, docketing a money judgment with the county clerk creates a lien on all real property located in that county in which the judgment debtor has an interest.").

17. The New York Rules of Civil Practice ("CPLR") requires that a docketed judgment contain "the name and last known address of each judgment debtor." CPLR § 5018(c)(1)(i); *see also Musso v. Ostashko*, 468 F.3d 99, 106 (2d Cir. 2006) ("'Docketing' occurs when the judgment is recorded by the clerk in books listing the surnames of judgment debtors alphabetically.").

18. "Although the statute does not indicate the consequences that ensue when a docketing entry fails to comply with each of the stated requirements of CPLR 5018(c)(1), when a judgment is docketed under a surname other than a judgment debtor's correctly spelled surname, no valid lien against the property of that judgment debtor is created." *Myrtle 684, LLC v. Tauber*, 189 A.D.3d 1431, 1434 (N.Y. App. Div. 2020); *see also We Buy Now, LLC v. Cadlerock Joint Venture, LP*, 46 A.D.3d 549, 549 (N.Y App. Div. 2007) ("A judgment is not docketed against any particular property, but solely against a name….").

19. "The judgment creditor who seeks to create a lien on real property held by the judgment debtor has the duty to ensure that the judgment reflects the full name of the judgment debtor." *Myrtle 684*, 189 A.D.3d at 1434.

5

20. In his opposition to the motion to dismiss, Plaintiff asks this Court to consider *Sears v. Burnham*, 17 N.Y. 445 (1858). (Doc. 8, at 2). In *Sears*, the court permitted a judgment docketed with an incorrect date to be amended *nunc pro tunc*. *Id.* at 448.

21. *Sears* is distinguishable and outdated.

22. First, the court permitted the amendment of an incorrect date — a detail different in nature and kind from the name of the judgment defendant. Second, *Sears* did not involve an intervening bankruptcy filing. Third, even if *Sears* was about the judgment defendant's name, the requirements for docketing of judgments, including the need to identify the judgment debtor, are now codified in New York's CPLR.

23. The Plaintiff also cites *Flagstar Bank, FSB v. State of New York* for the premise that "[t]he docketing of the judgment is especially for the purpose of giving notice of the lien to third parties dealing with the land of the judgment debtor." 114 A.D.3d 138, 145 (N.Y. App. Div. 2013).

24. However, *Flagstar* goes on to say that the "general purpose" of article 52 of the CPLR was "to facilitate the enforcement of judgments" and "not…to make judgment creditors whole." *Id.* at 146. *Flagstar* recognizes that "the judgment creditor is in the best position to check on the accuracy of the public record." *Id.* at 146-47.

6

25. Plaintiff also argues that Debtor's surname "Lofstad" appears on the transcript of judgment as part of the name of the other judgment defendant, Lofstad Fish Company.

26. However, CPLR § 5018(c)(1) requires that the name and last known address of *each* judgment debtor be listed in the clerk's docket book. (emphasis added).

27. Debtor's name does not appear on the transcript of judgment docketed in Saratoga County. (Doc. 1 ¶ 9). As such, there was no valid judgment lien at the time of docketing and, thus, at the time of Debtor's bankruptcy filing.

### Secured Status under the Bankruptcy Code

28. Under the Bankruptcy Code, a claim is secured only "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a); *Assocs. Com. Corp. v. Rash*, 520 U.S. 953, 961 (1997) ("The first sentence [of § 506(a)], in its entirety, tells us that a secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral."); *In re Young*, 199 B.R. 643, 649 (Bankr. E.D. Tenn. 1996)("11 U.S.C. § 506(a) indicates that a claim secured by property of the estate is deemed an allowed secured claim *only to the extent of the value of the collateral on which the lien is fixed.*")(emphasis added). "There is no provision of the Code . . . that gives a creditor a secured claim without any collateral." *In re Zieder*, 263 B.R. 114, 117 (Bankr. D. Ariz. 2001).

29. The incorrect transcript of judgment has been docketed in Saratoga County since October 7, 2024. Debtor's bankruptcy case was not filed until July 29,

7

2025. Plaintiff had ample time to correct the transcript of judgment prepetition and, for whatever reason, failed to do so. Thus, although the outcome here may seem harsh given that the underlying error was clerical, applicable law places the onus on the judgment creditor to exercise due diligence and apply extra attention to judgments and transcripts of judgments and this Court finds no legal basis on which to deviate from the resulting consequences.

### **Nunc Pro Tunc Relief**

30. Plaintiff requests that this Court use its equitable authority to permit him to correct the transcript of judgment and then allow him to be considered a secured creditor as of the date of bankruptcy filing.

31. However, as the Supreme Court has "colorfully" commented: "nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'facts' that never occurred in fact. Put plainly, the court cannot make the record what it is not." *Roman Cath. Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 65 (2020).

For the reasons stated above, Debtor's Motion to Dismiss (Doc. 5), pursuant to Rule 12(b)(6), is GRANTED.

###